1  ROBERT C. SCHUBERT (S.B.N. 62684)
   (rschubert@sjk.law)
2  NOAH M. SCHUBERT (S.B.N. 278696)
   (nschubert@sjk.law)
3  ALEXANDRA K. GREEN (S.B.N. 333271)
   (agreen@sjk.law)
4
   **SCHUBERT JONCKHEER & KOLBE LLP**
5  Three Embarcadero Center, Suite 1650
   San Francisco, California 94111
6  Telephone:     (415) 788-4220
   Facsimile:     (415) 788-0161
7

8  *Counsel for Plaintiffs*

9

10              **UNITED STATES DISTRICT COURT**

11           **NORTHERN DISTRICT OF CALIFORNIA**

12            **SAN FRANCISCO / OAKLAND DIVISION**

13
                                              Case No.
14 JEFFREY FROST AND ASHLEY WARNER,
   individually and on behalf of all others situated;   **CLASS ACTION COMPLAINT**
15
                    Plaintiffs,
16                                            **DEMAND FOR JURY TRIAL**
          v.
17
   SAFEWAY INC. a Delaware Corporation,
18
                    Defendant.
19

20

21

22

23

24

25

26

27

28

---
**Class Action Complaint**

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

Upon personal knowledge as to their own acts, and based upon their investigation, the investigation of counsel, and information and belief as to all other matters, Plaintiffs Jeffrey Frost and Ashley Warner (together, "Plaintiffs"), on behalf of themselves and all others similarly situated, allege as follows:

**INTRODUCTION**

1.   This is a class action brought on behalf of persons who purchased Signature Care Infants' Pain Relief Acetaminophen (the "Infants' Product").

2.   Defendant Safeway Inc. ("Safeway") is a supermarket chain with over 1,300 stores across the United States, more than 240 of which are in California. Safeway's website also allows consumers to purchase general merchandise—including over-the-counter ("OTC") drugs—online.

3.   Safeway distributes its own brand of OTC pain relievers and fever reducers under the "Signature Care™" label, including the Infants' Product and Signature Care Children's Pain Relief Acetaminophen (the "Children's Product"). The Infants' Product and Children's Product are collectively hereinafter referred to as the "Products."

4.   Acetaminophen, the active ingredient in the Products, can be dangerous and even fatal if taken in large doses. The U.S. Food and Drug Administration ("FDA") warns parents and caregivers to "[b]e very careful when you're giving your infant acetaminophen."[1] The potential risks associated with acetaminophen concern parents and caregivers, causing them to be extra cautious when buying medicine for their infants and children.

5.   As alleged herein, Safeway exploits parents' and caregivers' fear of giving their infants an improper, or possibly fatal, dosage through their packaging and labeling of the Infants' Product. Safeway's advertisements, marketing representations, and labeling of the Products are misleading, untrue, and likely to deceive reasonable consumers. Safeway designs its packaging to mislead parents into thinking that the Infants' Product is specially formulated to make it specifically appropriate for infants from ages 2 to 3 as opposed to older children.

---

[1] *See* https://www.fda.gov/consumers/consumer-updates/know-concentration-giving-acetaminophen-infants.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

6.     Despite their distinct packaging, the Infants' Product and the Children's Product contain the same active ingredient and formulation of 160 mg per 5 mL of acetaminophen. Even though there is no difference in the formulation between the Products, Safeway markets and sells the Infants' Product to consumers at a substantially higher price than the Children's Product. As of March 23, 2021, the Infants' Product costs approximately ***three times*** as much per ounce than the Children's Product on Safeway's website.

7.     There is no reason for this dramatic price increase, as both Products contain the identical active ingredient—acetaminophen—in the identical formulation of 160 mg per 5 mL. No reasonable consumer would pay approximately ***three times*** more per ounce for the Infant's Product, as compared to the Children's Product, unless he or she was deceived into thinking that infants cannot safely take the Children's Product.

8.     Plaintiffs herein seek relief under the laws of Arizona and California.

## PARTIES

9.     At all relevant times, Plaintiff Jeffrey Frost has resided in Peoria, Arizona and purchased the Infants' Product near his residence. Plaintiff Frost purchased two bottles of the Infants' Product for his sixteen month-old, once in December 2020 and again in January 2021. Plaintiff Frost has also purchased several bottles of the Children's Product for his eight year-old and two eleven year-olds. In deciding to purchase the Infants' Product, Plaintiff Frost saw and relied upon the Infants' Product's packaging and labeling. Specifically, Plaintiff Frost relied on the fact that the Infants' Product's packaging stated, ***"Infants' Pain Relief"*** and that the product was ***"For Ages 2 to 3 Years."*** Safeway's packaging and labeling were material to Plaintiff Frost. Plaintiff Frost purchased the Infants' Product because he believed that the Infants' Product was specially formulated for infants based on the packaging and labeling of the Infants' Product. As a result, Plaintiff Frost believed that the Infants' Product was unique and different from the Children's Product. Plaintiff Frost purchased and paid substantially more for the Infants' Product than he would have if he had known the truth about the Infants' Product. Plaintiff Frost has suffered actual damages in the form of his overpayment for the Infants' Product, which he purchased as a result of Safeway's misrepresentations. Safeway did not inform Plaintiff Frost of

the true formulation of the Infants' Product. Had Plaintiff Frost known that the Infants' Product was no different than the Children's Product, he would either not have purchased the Infants' Product or would have paid less for it. At present, Plaintiff Frost has concerns about purchasing the Infants' Product for his infant as he remains unsure as to whether the labeling of the Products is, and will continue to be, false and misleading. In the future, Plaintiff Frost would be willing to pay a premium for the Infants' Product if the product was in fact specially formulated or unique for infants.

10.     At all relevant times, Plaintiff Ashley Warner has resided in Sacramento, California and purchased the Infants' Product near her residence. Plaintiff Warner purchased two bottles of the Infants' Product in 2020 and one bottle in 2019 for her ten month-old and throughout the infancy of her five year-old. In deciding to purchase the Infants' Product, Plaintiff Warner saw and relied upon the Infants' Product's packaging and labeling. Specifically, Plaintiff Warner relied on the fact that the Infants' Product's packaging stated, ***"Infants' Pain Relief"*** and that the product was ***"For Ages 2 to 3 Years."*** Safeway's packaging and labeling were material to Plaintiff Warner. Plaintiff Warner purchased the Infants' Product because she believed that the Infants' Product was specially formulated for infants based on the packaging and labeling of the Infants' Product. As a result, Plaintiff Warner believed that the Infants' Product was unique and different from the Children's Product. Plaintiff Warner purchased and paid substantially more for the Infants' Product than she would have if she had known the truth about the Infants' Product. Plaintiff Warner has suffered actual damages in the form of her overpayment for the Infants' Product, which she purchased as a result of Safeway's misrepresentations. Safeway did not inform Plaintiff Warner of the true formulation of the Infants' Product. Had Plaintiff Warner known that the Infants' Product was no different than the Children's Product, she would either not have purchased the Infants' Product or would have paid less for it. At present, Plaintiff Warner has concerns about purchasing the Infants' Product for her infant as she remains unsure as to whether the labeling of the Products is, and will continue to be, false and misleading. In the future, Plaintiff Warner would be willing to pay a premium for the Infants' Product if the product was in fact specially formulated or unique for infants.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

11.     Defendant Safeway is a Delaware corporation, with its principal and executive office located at 11555 Dublin Canyon Road, Pleasanton, CA 94588. In January 2015, AB Acquisition LLC and Safeway completed a merger that created one of the largest food and drug retailers in the United States. Safeway has a portfolio of approximately ten store brands, which are privately labeled, including Signature Care®.

**JURISDICTION AND VENUE**

12.     This Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because at least one class member is a citizen of a state other than that of Safeway, and the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.

13.     This Court has personal jurisdiction over Safeway pursuant to 18 U.S.C. § 1965(a) because Safeway has its principal and executive office in California and resides, is found, has an agent, and transacts its affairs in this District.

14.     This Court has personal jurisdiction over Plaintiffs because Plaintiffs submit to the Court's jurisdiction.

15.     Venue is proper in this District under 28 U.S.C. § 1391 because Safeway maintains an office in this District, Safeway conducts substantial business in this District, Safeway has intentionally availed itself of the laws and markets of this District, and Safeway is subject to personal jurisdiction in this District.

**INTRADISTRICT ASSIGNMENT**

16.     Safeway maintains a corporate office in the County of Alameda. As such, this action may be properly assigned to the San Francisco/Oakland division of this Court pursuant to Civil Local Rule 3-2(d).

**FACTUAL ALLEGATIONS**

17.     Safeway distributes two pediatric OTC medications for pain relief and fever reduction—the Infants' Product and the Children's Product.

18.     Acetaminophen is an active ingredient that relieves pain and fever, and is in hundreds of OTC and prescription medicines.[2]

19.     Prior to the acts giving rise to this Complaint, liquid acetaminophen marketed for "infants" was only available in 80 mg/0.8 mL or 80 mg/mL concentrations, while liquid acetaminophen marketed for "children" had been available in 160 mg/5 mL concentrations.[3]

20.     The difference in concentrations caused confusion and led to some consumers accidentally providing the wrong dosage, which made infants seriously ill, with some infants overdosing and dying from liver failure.[4]

21.     Between 2000 and 2009, the FDA received reports of twenty children dying from acetaminophen toxicity, and at least three deaths were tied directly to mix-ups involving the two pediatric medicines.[5]

22.     In an attempt to reduce the confusion over the two pediatric medicines, in December 2011, the FDA informed the public that manufacturers voluntarily changed the liquid acetaminophen marketed for infants from 80 mg per 0.8 mL or 80 mg per 1 mL to be the same concentration as the liquid acetaminophen marketed for children—160 mg per 5 mL.[6]

23.     Since then, the only differences in liquid acetaminophen marketed for infants versus children have been the price, flavor, and dosing instrument included with the product. For instance, Safeway's Infants' Product comes with a syringe while the Children's Product comes with a plastic cup. However, the active concentration of acetaminophen in the two products is identical.

24.     Safeway's Infant's Product and Children's Product have the same concentration of acetaminophen of 160 mg per 5 mL. The Products are interchangeable, and they are therefore

---

[2] *See* https://www.fda.gov/drugs/information-drug-class/acetaminophen-information.
[3] *See* https://www.fda.gov/drugs/drug-safety-and-availability/questions-and-answers-important change-concentration-over-counter-otc-liquid-acetaminophen-marketed.
[4] *See* https://www.fda.gov/drugs/drug-safety-and-availability/questions-and-answers-important change-concentration-over-counter-otc-liquid-acetaminophen-marketed.
[5] *See* https://www.propublica.org/article/tylenol-mcneil-fda-kids-dose-of-confusion.
[6] *See* https://www.fda.gov/drugs/drug-safety-and-availability/questions-and-answers-important-change-concentration-over-counter-otc-liquid-acetaminophen-marketed.

equally suitable for infants and children, adjusting the dosage based only on the weight and age of the child.

25.     Safeway's store brand products—including Signature Care®—have been marketed as "quality-tested" and "priced for every day" value.[7]

26.     Safeway has been engaging in the unfair, unlawful, and deceptive practice of manufacturing, marketing, and selling its privately labeled pediatric acetaminophen as two unique products, such that parents and caregivers mistakenly believe that they must purchase the more expensive Infants' Product for their infants.

27.     The front of the box of the Infants' Product includes the following statements, among others:[8]

      a.   "Infants' Pain Relief"

      b.   "Compare to Infants' Tylenol® Oral Suspension active ingredient"

      c.   "FOR **AGES 2** TO **3** YEARS"

28.     Safeway distinguishes the two products by calling one "Infants'" and one "Children's" in white lettering.

29.     Additionally, Safeway positions its Products alongside brand-name acetaminophen products, such as Infants' Tylenol and Children's Tylenol, which is also purportedly formulated exclusively and specifically for infants. As displayed on the Products' packaging, Safeway also explicitly compares the Infants' Product to the Infant's Tylenol and the Children's Product to the Children's Tylenol.

30.     Yet, the packaging of the Infants' Product does not state that it contains the same formulation as compared to the Children's Product. This lack of difference in formulations between the Infants' Product and the Children's Product would be material information to consumers in deciding whether to purchase the Infant's Product.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

---

[7] *See* https://www.safeway.com/shop/lp/signature-care.html.
[8] *See* https://www.safeway.com/shop/product-details.960056951.html.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

31.     Likewise, Safeway's Children's Product leads a reasonable consumer to believe that the product consists of a formulation that is specific to children, as opposed to infants. The front of the box of the Children's Product includes the following statements, among others:[9]

    a.  "Children's Pain Relief"

    b.  "Compare to Children's Tylenol® Oral Suspension active ingredient"

    c.  "FOR **AGES 2** TO **11** YEARS"

 

32.     Similar to the packaging of the Infant's Product, the Children's Product does not state that the formulation of the two medicines are identical by containing the same active ingredient and formulation.

33.     The Infant Product retails for $4.00 per ounce,[10] while the Children's Product retails for $1.50 per ounce.[11] Accordingly, the Infants' Product costs nearly ***three times*** as much per ounce than the Children's Product despite the identical formulations.

---

[9] *See* https://www.safeway.com/shop/product-details.157250071.html. Although the formulation of the Products is identical, Safeway sells different flavors of the Products on their website.
[10] https://www.safeway.com/shop/product-details.960056951.html.
[11] https://www.safeway.com/shop/product-details.157250071.html.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

34.     Safeway further misleads consumers by placing "For **AGES 2** to **3** Years" on the Infants' Product and "For **AGES 2** to **11** Years" on the Children's Product, with "ages" and the age range in distinctive capitalized and bold lettering.  Due the inclusion of an age range, reasonable consumers believe that a product specifically labeled "infants" is just for infants.

35.     Safeway knows that consumers with infants, such as Plaintiffs, tend to be more cautious about the amount of acetaminophen they give to their infants.

36.     Safeway understands that these misrepresentations and omissions would be important to a reasonable consumer in deciding whether to purchase the Infants' Product as opposed to the Children's Product.

37.     Safeway's deceptive and misleading marketing and packaging of the Products caused parents and caregivers, including Plaintiffs, to rely on Safeway's representations that the Products were two unique medicines. Additionally, parents and caregivers, including Plaintiffs, purchased and overpaid for the Infants' Product when the Children's Product contains the same active ingredient and formulation.

## CLASS ACTION ALLEGATIONS

38.     Plaintiffs bring this action pursuant to Federal Rule of Civil Procedure 23(a) on behalf of themselves and the proposed State Classes defined as follows:

> All persons, in the State of Arizona, who purchased Signature Care Infants' Pain Relief Acetaminophen within the one year prior to the filing of this Class Action Complaint (the "Arizona Class").

> All persons, in the State of California, who purchased Signature Care Infants' Pain Relief Acetaminophen within the four years prior to the filing of this Class Action Complaint (the "California Class").

39.     Within the California Class, there is one subclass for purposes of Plaintiff Warner's claims under the Consumer Legal Remedies Act (the "California Subclass"). The proposed California Subclass is defined as follows:

> All persons, in the State of California, who purchased Signature Care Infants' Pain Relief Acetaminophen for personal, family, or household purposes.

---

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

40.     Excluded from the Arizona Class, California Class, and California Subclass are governmental entities, Safeway, any entity in which Safeway has a controlling interest, and Safeway's officers, directors, affiliates, legal representatives, employees, co-conspirators, successors, subsidiaries, and assigns. Also excluded from the Arizona Class, California Class, and California Subclass are any judges, justices, or judicial officers presiding over this matter and the members of their immediate families and judicial staff. This action is brought and may be properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3), and satisfies the numerosity, commonality, typicality, adequacy, predominance, and superiority requirements of these rules.

41.     ***Numerosity Under Rule 23(a)(1).*** The State Classes and California Subclass are so numerous that the individual joinder of all members is impracticable, and the disposition of the claims of all Class Members in a single action will provide substantial benefits to the parties and the Court. Although the precise number of members of the Arizona Class, California Class, and California Subclass is unknown to Plaintiffs at this time, on information and belief, the proposed State Classes and California Subclass contains thousands of purchasers of the Infants' Product who have been damaged by Safeway's conduct as alleged herein. Discovery will reveal, through Defendant's records, the approximate number of the Arizona Class, California Class, and California Subclass members.

42.     ***Commonality Under Rule 23(a)(2).*** Common legal and factual questions exist that predominate over any questions affecting only individual members. These common questions, which do not vary among the State Classes and California Subclass members and which may be determined without reference to any Arizona Class member's, California Class member's, and California Subclass member's individual circumstances, include, but are not limited to:

a)  Whether the Infants' Product and Children's Product are the same;

b)  Whether Safeway knew or should have known that the Infants' Product and Children's Product are the same;

c)  Whether Safeway's conduct and/or omissions in its marketing, labeling, and selling of the Infants' Product in the manner alleged herein indicated to the Plaintiffs and

---

**Class Action Complaint**                                                                                         9

unique for infants as compared to the Children's Product;

d)  Whether Defendant's representations and omissions are material to reasonable
consumers;

e)  Whether Safeway's labeling, marketing, and the sale of the Infants' Product are
false, deceptive, and misleading;

f)  Whether Safeway's marketing, advertising, labeling, and packaging of the Infants'
Product is likely to deceive reasonable consumers;

g)  Whether Safeway's marketing, advertising, labeling, and packaging of the Infants'
Product caused Plaintiffs and members of the Arizona Class, California Class, and
California Subclass to suffer economic harm;

h)  Whether Plaintiffs and members of the Arizona Class, California Class, and
California Subclass have been damaged by the wrongs alleged herein and are
entitled to compensatory or punitive damages; and,

i)  Whether Plaintiffs and members of the Arizona Class, California Class, and
California Subclass are entitled to injunctive or other equitable relief, including
restitution.

43.     ***Typicality Under Rule 23(a)(3).*** Plaintiffs' claims are typical of the Arizona Class,
California Class, and California Subclass members' claims. Safeway's course of conduct caused
Plaintiffs and members of the Arizona Class, California Class, and California Subclass the same
harm, damages, and losses as a result of Safeway's uniformly unlawful conduct. Likewise,
Plaintiffs and other Arizona Class, California Class, and California Subclass members must prove
the same facts in order to establish the same claims.

44.     ***Adequacy of Representation Under Rule 23(a)(4).*** Plaintiffs are adequate
representatives of the Arizona Class, California Class, and California Subclass because they are
members of the State Classes and California Subclass, and their interests do not conflict with the
interests of the Arizona Class, California Class and California Subclass. Plaintiffs have retained
counsel competent and experienced in complex litigation and consumer protection class action

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

matters such as this action, and Plaintiffs and their counsel intend to vigorously prosecute this action for the Arizona Class's, California Class's, and California Subclass's benefit and have the resources to do so. Plaintiffs and their counsel have no interests adverse to those of the other members of the Arizona Class, California Class, and California Subclass.

45. ***Superiority.*** A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because individual litigation of each State Class member's and California Subclass member's claim is impracticable. The damages, harm, and losses suffered by the individual members of the Arizona Class, California Class, and California Subclass will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Safeway's wrongful conduct. Even if each Arizona Class, California Class, and California Subclass member could afford individual litigation, the Court system could not. It would be unduly burdensome if thousands of individual cases proceeded. Individual litigation also presents the potential for inconsistent or contradictory judgments, the prospect of a race to the courthouse, and the risk of an inequitable allocation of recovery among those individuals with equally meritorious claims. Individual litigation would increase the expense and delay to all parties and the Courts because it requires individual resolution of common legal and factual questions. By contrast, the class action device presents far fewer management difficulties and provides the benefit of a single adjudication, economies of scale, and comprehensive supervision by a single court.

46. As a result of the foregoing, class treatment is appropriate.

### FIRST CLAIM FOR RELIEF
**Violations of the Arizona Consumer Fraud Act**
**ARIZ. REV. STAT. §§ 44-1521 *et seq*.**
***On Behalf of Plaintiff Frost and the Arizona Class***

47. Plaintiff Frost, individually and on behalf of the Arizona Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

48. Plaintiff Frost brings this claim individually and on behalf of the Arizona Class against Safeway.

---

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

49.     Safeway, Plaintiff Frost, and the Arizona Class are "persons" within the meaning of the Arizona Consumer Fraud Act ("Arizona CFA"), Ariz. Rev. Stat. § 44-1521(6).

50.     The Infants' Product is "merchandise" within the meaning of Ariz. Rev. Stat. § 44-1521(5).

51.     The Arizona CFA provides that "[t]he act, use or employment by any person of any deception, deceptive act or practice, fraud, … misrepresentation, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale … of any merchandise whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice." ARIZ. REV. STAT. § 44-1522(A).

52.     In the course of its business, Safeway concealed and suppressed material facts concerning the Infants' Product. Safeway misrepresented that the Infants' Product was a specially formulated product different from the Children's Product. Safeway also engaged in unlawful trade practices by employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that Plaintiff Frost and the Arizona Class members rely upon such concealment, suppression or omission, in connection with its sale of the Infants' Product.

53.     Safeway knew about the Infants' Product formulation at the time of sale and is aware that the claims it makes about the Infants' Product are deceptive, misleading, and unreasonable.

54.     Safeway thus violated the Arizona CFA by, at a minimum, employing deception, deceptive acts or practices, fraud, misrepresentations, or concealment, suppression or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the purchase of the Infants' Product.

55.     Safeway's unfair or deceptive acts or practices were likely to and did in fact deceive reasonable consumers, including Plaintiff Frost and members of the Arizona Class, about the formulation of the Infants' Product. Safeway intentionally and knowingly misrepresented material facts regarding the Infants' Product with the intent to mislead Plaintiff Frost and the Arizona Class.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

56.     Safeway knew or should have known that its conduct violated the Arizona CFA.

57.     Safeway owed Plaintiff Frost and the Arizona Class a duty to disclose the true nature of the Infants' Product because Safeway: (a) possessed exclusive knowledge about the Infants' Product; (b) intentionally concealed the foregoing from Plaintiff Frost and the Arizona Class; and (c) made incomplete representations about the Infants' Product formulation, while purposefully withholding materials facts from Plaintiff Frost and the Arizona Class that contradicted these representations.

58.     Because Safeway fraudulently concealed the true nature of the Infants' Product formulation, consumers of the Infants' Product were deprived of the benefit of their bargain because they were induced to purchase the more expensive Infants' Product instead of the Children's Product. Had consumers of the Infants' Product been aware that the advertising and representations as described herein were false, they would either not have purchased the Infants' Product or they would have paid less for it.

59.     Safeway's violations present a continuing risk to Plaintiff Frost and the Arizona Class as well as the general public. Safeway's unlawful acts and practices complained of herein affect the public interest.

60.     As a direct and proximate result of Safeway's violations of the Arizona CFA, Plaintiff Frost and the Arizona Class have suffered injury in fact and/or actual damage. Plaintiff Frost and the Arizona Class seek monetary relief against Safeway in an amount to be determined at trial. Plaintiff Frost also seeks an order enjoining Safeway from unfair, unlawful, and/or deceptive practices, attorneys' fees, and other just and proper relief available under the Arizona CFA.

**SECOND CLAIM FOR RELIEF**
**Violations of the California False Advertising Law**
**CAL. BUS. & PROF. CODE § 17500 *et seq.***
***On Behalf of Plaintiff Warner and the California Class***

61.     Plaintiff Warner, individually and on behalf of the California Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

62.     Plaintiff Warner brings this claim individually and on behalf of the California Class against Safeway.

63.     California's False Advertising Law prohibits any statement in connection with the sale of goods "which is untrue or misleading." CAL. BUS. & PROF. CODE § 17500.

64.     Plaintiff Warner, individually and on behalf of the California Class, has standing to pursue this claim because she suffered injury in fact and has lost money or property as a result of Safeway's actions, as described above.

65.      Safeway engaged in advertising, marketing, labeling, and packaging to the public and offered for sale the Infants' Product in California. Safeway failed and continues to fail in making disclosures, including a statement that the Infants' Product is the same formulation as the Children's Product.

66.     Safeway engaged in the advertising and marketing alleged herein with the intent to directly or indirectly induce the sale of the Infants' Product to consumers like Plaintiff Warner and members of the California Class.

67.     Safeway's advertising and marketing representations regarding the Infants' Product were false, misleading, and deceptive within the definition, meaning, and construction of California Business & Professions Code §§ 17500, *et seq*. (False Advertising Law).

68.     Safeway's misrepresentations and omissions alleged herein were the type of misrepresentations that are material, *i.e.*, a reasonable person would attach importance to them and would be induced to act on the information in making purchase decisions.

69.     Safeway's misrepresentations and omissions alleged herein are objectively material to a reasonable consumer, and therefore reliance upon such misrepresentations may be presumed as a matter of law.

70.     At the time it made the misrepresentations and omissions alleged herein, Safeway knew or should have known that they were untrue or misleading and acted in violation of California Business and Professions Code §§ 17500, *et seq*.

71.     Unless restrained by this Court, Safeway will continue to engage in untrue and misleading advertising, as alleged above, in violation of California Business & Professions Code §§ 17500, *et seq*.

72.     As a result of Safeway's conduct and actions, Plaintiff Warner and each member of the California Class has been injured, has lost money or property, and is entitled to relief. Plaintiff Warner seeks disgorgement, restitution, injunctive relief, and all other relief permitted under California Business & Professions Code §§ 17500, *et seq*.

### THIRD CLAIM FOR RELIEF
### Violations of Consumer Legal Remedies Act
### CAL. CIV. CODE § 1750 *et seq.*
### *On Behalf of Plaintiff Warner and the California Subclass*

73.     Plaintiff Warner, individually and on behalf of the California Subclass, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

74.     Plaintiff Warner brings this claim individually and on behalf of the California Subclass against Safeway.

75.     Safeway is a "person" under Cal. Civ. Code § 1761(c).

76.     Plaintiff Warner and the California Subclass members are "consumers" as defined by Cal. Civ. Code § 1761(d), who purchased one or more Infants' Product. The Consumer Legal Remedies Act ("CLRA") prohibits "unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale … of goods … to any consumer[.]" CAL. CIV. CODE § 1770(a). Safeway has engaged in unfair or deceptive acts that violated Cal. Civ. Code § 1750, *et seq*., as described above and below, by representing that the Infants' Product had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have; advertising the Infants' Product with the intent not to sell them as advertised; and representing that the subject of a transaction involving the Infants' Product has been supplied in accordance with a previous representation when it has not.

77.     In connection with its sale of the Infants' Product to Plaintiff Warner and the California Subclass, Safeway violated the CLRA by:

a)  Misrepresenting to Plaintiff Warner and the California Subclass that the Infants' Product was specially formulated or otherwise unique, when in fact, the Infants' Product has the same formulation as the Children's Product, in violation of Cal. Civ. Code §§ 1170(a)(5), (9), and (16);

b)  Misrepresenting to Plaintiff Warner and the California Subclass that the Infants' Product had sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they did not have, in violation of Cal. Civ. Code § 1170(a)(5);

c)  Advertising goods to Plaintiff Warner and the California Subclass with the intent not to sell them as advertised, in violation of Cal. Civ. Code §§ 1170(a)(9); and

d)  Misrepresenting to Plaintiff Warner and the California Subclass that the subject of a transaction had been supplied in accordance with a previous representation when it had not, in violation of Cal. Civ. Code §§ 1170(a)(16).

78.     In addition, under California law, a duty to disclose arises in four circumstances: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant has exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also suppresses some material facts.

79.     Safeway had a duty to disclose to Plaintiff Warner and the California Subclass that the active ingredient and formulation of the Infants' Product is identical to the Children's Product for the following three independent reasons: (a) Safeway had exclusive knowledge of the information at the time of sale; (b) Safeway actively concealed from Plaintiff Warner and the California Subclass that both Products contain the same formulation; and (c) Safeway made partial

representations to Plaintiff Warner and the California Subclass regarding the formulation of the Infants' Product.

80. Safeway violated the CLRA by selling the Infants' Product, while concealing that the formulations of the Infants' Product and the Children's Product are entirely identical from Plaintiff Warner and the California Subclass.

81. Safeway's misrepresentations and omissions in violation of the CLRA were likely to mislead an ordinary consumer. Plaintiff Warner and the California Subclass reasonably understood Safeway's representations and omissions to mean that the Infants' Product was specially formulated or unique for infants.

82. Safeway's misrepresentations and omissions alleged herein were material in that a reasonable person would attach importance to the information and would be induced to act upon the information in making purchase decisions.

83. Plaintiff Warner and the California Subclass relied to their detriment on Safeway's misrepresentations and omissions in the purchasing the Infants' Product.

84. Plaintiff Warner, on behalf of herself and the California Subclass, demands judgment against Safeway under the CLRA for injunctive relief.

85. Pursuant to Cal. Civ. Code § 1782(a), Plaintiff Warner will serve Safeway with notice of its alleged violations of the CLRA by certified mail return receipt requested. If within thirty days after the date of such notification, Safeway fails to provide appropriate relief for its violations of the CLRA, Plaintiff Warner will amend this Class Action Complaint to seek compensatory and punitive damages under the CLRA.

86. Notwithstanding any other statements in this Complaint, Plaintiff Warner does not seek monetary damages in conjunction with their CLRA claim—and will not do so—until this thirty-day period has passed.

87. Plaintiff Warner, on behalf of herself and the California Subclass, further seeks an order enjoining Safeway's unfair or deceptive acts or practices, restitution, costs of court, attorneys' fees under Cal. Civ. Code § 1780(e), and any other just and proper relief available under the CLRA.

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

## FOURTH CLAIM FOR RELIEF
### Violations of the California Unfair Competition Law
#### CAL. BUS. & PROF. CODE § 17200 *et seq.*
### *On Behalf of Plaintiff Warner and the California Class*

88.     Plaintiff Warner, individually and on behalf of the California Class, incorporates by reference all of the allegations contained in the preceding paragraphs of this Class Action Complaint as if fully set forth herein.

89.     Plaintiff Warner brings this claim individually and on behalf of the California Class against Safeway.

90.     Plaintiff Warner has standing to pursue this claim because she has suffered injury in fact and has lost money or property as a result of Safeway's actions as described above. All California Class Members overpaid for the Infants' Product due to Safeway's concealment that the Infants' Product and Children's Product contain the same active ingredient and formulation.

91.     Safeway's actions as alleged herein constitute an "unlawful" practice within the definition, meaning, and construction of California's UCL because Safeway violated California's False Advertising Law (Bus. & Prof. Code §§ 17500, *et seq.*) and the CLRA (Civ. Code §§ 1750, *et seq.*).

92.     Safeway's actions as alleged herein constitute a "fraudulent" practice because by representing that the Infants' Product was specially formulated for infants, but concealing that the Infants' Product contains the same active ingredient and formulation as the Children's Product, Safeway's conduct was likely to deceive consumers. Safeway's representations about the Infants' Product were false and misleading, and its failure to disclose these facts also constitutes a material omission in violation of the UCL.

93.     Safeway's actions as alleged herein constitute an "unfair" practice because they offend established public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to Safeway's customers. The harm caused by Safeway's wrongful conduct outweighs any utility of such conduct and has caused—and will continue to cause—substantial injury to Plaintiff Warner and the California Class. Safeway could and should have chosen one of many reasonable available alternatives, including disclosing that the Infants' Product is not

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220

specially formulated or medicinally unique for infants, that the Children's Product is the same product as the Infants' Product, and that the Children's Product is safe and suitable for infants when given in the proper dosage amount. Additionally, Safeway's conduct was "unfair" because it violated the legislatively declared policies reflected by California's strong consumer protection and false advertising laws, including, the CLRA, Cal. Civ. Code §§ 1750 *et seq.*, and the FAL, Cal. Bus. & Prof. Code §§ 17500 *et seq.*

94.     As a result of Safeway's unlawful, fraudulent, and unfair conduct, Plaintiff Warner and the California Class received an overpriced product to that which they were promised. Had Safeway disclosed that the active ingredient and formulation of the Infants' Product and Children's Product were identical, Plaintiff Warner and the California Class would not have purchased the Infants' Product or would have paid substantially less.

95.     Safeway's wrongful business practices constitute a continuing course of unfair competition because Safeway continues to represent that the Infants' Product is specially formulated and unique from the Children's Product. Plaintiff Warner and the California Class therefore seek equitable relief to remedy Safeway's deceptive marketing, advertising, and packaging. Because Safeway continues to engage in unlawful, unfair, and fraudulent conduct concerning the Infants' Product, Plaintiff Warner and the California Class lack any adequate remedy at law.

96.     Plaintiff Warner and the California Class also seek an order requiring Safeway to make full restitution of all monies that it has wrongfully obtained from California Class members, as well as all other relief permitted under the UCL.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Arizona Class, California Class, and California Subclass request that the Court order the following relief and enter judgment against Safeway as follows:

A.     an Order certifying that the action may be maintained as a Class Action and that Plaintiffs be appointed as Class Representatives and their undersigned counsel as Class Counsel;

B.     a declaration that Safeway engaged in the illegal conduct alleged herein;

C.     an Order enjoining Safeway from pursuing the policies, acts, and practices complained of herein;

D.     a Judgment awarding Plaintiffs and the Arizona Class, California Class, and California Subclass restitution and disgorgement of all compensation obtained by Safeway from its wrongful conduct;

E.     a Judgment awarding Plaintiffs and the Arizona Class, California Class, and California Subclass compensatory damages and punitive damages, where available, in an amount to be proven at trial;

F.     Pre-judgment and post-judgment interest at the maximum allowable rate;

G.     an Order awarding Plaintiffs and the Arizona Class, California Class, and California Subclass reasonable litigation expenses, costs, and attorneys' fees;

H.     an Order awarding such other injunctive and declaratory relief as is necessary to protect the interests of Plaintiffs and the Arizona Class, California Class, and California Subclass; and

I.     an Order awarding such other and further relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury for all claims and issues so triable.

Dated: March 25, 2021            SCHUBERT JONCKHEER & KOLBE LLP

                        */s/  Alexandra K. Green*
                        ROBERT C. SCHUBERT (S.B.N. 62684)
                        NOAH M. SCHUBERT (S.B.N. 278696)
                        ALEXANDRA K. GREEN (S.B.N. 333271)
                        **SCHUBERT JONCKHEER & KOLBE LLP**
                        Three Embarcadero Center, Suite 1650
                        San Francisco, California 94111
                        Telephone:     (415) 788-4220
                        Facsimile:     (415) 788-0161
                        E-mail:        rschubert@sjk.law
                                            nschubert@sjk.law
                                          agreen@sjk.law

*Counsel for Plaintiffs*

SCHUBERT JONCKHEER & KOLBE LLP
Three Embarcadero Center, Suite 1650
San Francisco, CA 94111
(415) 788-4220